1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  Michael D. Murphy
4  Assistant United States Attorney
   402 E. Yakima Ave, Suite 210
5  Yakima, WA 98901
6  Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 1 4 2023

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

7
8          UNITED STATES DISTRICT COURT
9        FOR THE EASTERN DISTRICT OF WASHINGTON

10

11  UNITED STATES OF AMERICA,              Case No.: 1:22-CR-2096-MKD

12                    Plaintiff,           Plea Agreement

13

14          v.

15  CHRISTOPHER LEE OSBORN,

16                    Defendant.

17

18

19

20          Plaintiff United States of America, by and through Vanessa R. Waldref,

21  United States Attorney the Eastern District of Washington, and Michael D.

22  Murphy, Assistant United States Attorney for the Eastern District of Washington,

23  and the State of Washington by and through Joseph Brusic, Yakima County

24  Prosecuting Attorney, and Julia Davis, Deputy Prosecutor for Yakima County, and

25  Defendant Christopher Lee Osborn ("Defendant"), both individually and by and

26  through Defendant's counsel, Paul Shelton and Nicholas Mirr, agree to the

27  following Plea Agreement.

28

   PLEA AGREEMENT Osborn, Christopher- 1

1       <u>Introduction</u>

2       Defendant is presently charged in the Eastern District of Washington by

3   Indictment, filed on September 13, 2022, with Distribution of Child Pornography,

4   in violation of 18 U.S.C. § 2252A(a)(2), (b)(1).

5       Defendant is also charged by the State of Washington, in and for the County

6   of Yakima. Defendant is charged by Information in case number 21-1-01864-39 in

7   the Superior Court of Washington for Yakima County with nine counts of First

8   Degree Possession of Depictions of Minor Engaged in Sexually Explicit Conduct

9   in violation of RCW 9.68A.070(1) and one count of First Degree Dealing in

10  Depictions of Minor Engaged in Sexually Explicit Conduct in violation of RCW

11  9.68A.050(1). Defendant is charged by Information in case number 20-1-01473-29

12  in the Superior Court of Washington for Yakima County with four counts of First

13  Degree Possession of Depictions of Minor Engaged in Sexually Explicit Conduct

14  in violation of RCW 9.68A.070(1).

15      Defendant wishes to resolve all these pending federal and state charges as

16  part of a single, global resolution. The United States Attorney's Office for the

17  Eastern District of Washington and the Yakima County, Washington, Prosecuting

18  Attorney's Office agree to such a resolution, as set forth herein, and contingent

19  upon Defendant's guilty plea in all three cases.

20      1.    <u>Guilty Plea and Maximum Statutory Penalties</u>

21      Defendant agrees to enter a plea of guilty to the Indictment filed on

22  September 13, 2022, which charges Defendant with Distribution of Child

23  Pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), a Class C felony.

24      Defendant understands that the following potential penalties apply:

25              a.      a term of imprisonment of not less than 5 years and no more

26                      than 20 years;

27              b.      a term of supervised release of not less than 5 years and up to a

28                      lifetime;

PLEA AGREEMENT Osborn, Christopher- 2

1          c.     a fine of up to $250,000;

2          d.     restitution;

3          e.     mandatory registration as a sex offender;

4          f.     a mandatory special assessment of $5,000 pursuant to the

5                 Justice for Victims of Trafficking Act ("JVTA") of 2015,

6                 absent a judicial finding of indigence;

7          g.     a mandatory special assessment of no more than $35,000

8                 pursuant to the Amy, Vicky and Andy Child Pornography

9                 Victim Assistance Act of 2018; and

10         h.     a $100 special penalty assessment.

11     2.     <u>Supervised Release</u>

12         Defendant understands that if Defendant violates any condition of

13 Defendant's supervised release, the Court may revoke Defendant's term of

14 supervised release, and require Defendant to serve in prison all or part of the term

15 of supervised release authorized by statute for the offense that resulted in such term

16 of supervised release without credit for time previously served on postrelease

17 supervision, up to the following terms:

18           a.     5 years in prison if the offense that resulted in the term of

19                 Supervised Release is a class A felony,

20           b.     3 years in prison if the offense that resulted in the term of

21                 Supervised Release is a class B felony, and/or

22           c.     2 years in prison if the offense that resulted in the term of

23                 Supervised Release is a class C felony.

24         Accordingly, Defendant understands that if Defendant commits one or more

25 violations of supervised release, Defendant could serve a total term of

26 incarceration greater than the maximum sentence authorized by statute for

27 Defendant's offense or offenses of conviction.

28

PLEA AGREEMENT Osborn, Christopher- 3

3.    The Court is Not a Party to this Plea Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a.    sentencing is a matter solely within the discretion of the Court;

b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    Rule 11 Nature of the Plea Agreement

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is a period of no less than 60 months (5 years) and no more than 96 months (8 years) in custody, to be followed by no less than 5 years of Supervised Release. The United States and Defendant agree to make those sentencing recommendations to the Court. Although the United States and Defendant agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant

PLEA AGREEMENT Osborn, Christopher- 4

1  acknowledges that no promises of any type have been made to Defendant with
2  respect to the sentence the Court will ultimately impose.
3  Defendant understands that Defendant may withdraw from this Plea Agreement if
4  the Court imposes a term of imprisonment of greater than 96 months (8 years) or
5  indicates its intent to do so.  Defendant also understands that the United States may
6  withdraw from this Plea Agreement if the Court imposes a term of imprisonment
7  of less than 60 months (5 years) or a term of supervised release of less than 5
8  years, or indicates its intent to do so.

9        The United States and Defendant acknowledge that the imposition of any
10  fine, restitution, or conditions of Supervised Release are not part of the Rule
11  11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant
12  are free to make any recommendations they deem appropriate as to the imposition
13  of fines, restitution, or conditions of Supervised Release; and that the Court will
14  exercise its discretion in this regard.  The United States and Defendant
15  acknowledge that the Court's decisions regarding the imposition of fines,
16  restitution, or conditions of Supervised Release will not provide bases for
17  Defendant to withdraw Defendant's guilty plea or withdraw from this Rule
18  11(c)(1)(C) Plea Agreement.

19      Defendant acknowledges that if either the United States or Defendant
20  successfully withdraws from this Plea Agreement, the Plea Agreement becomes a
21  nullity, and the United States is no longer bound by any representations within it.

22      5.   Potential Immigration Consequences of Guilty Plea
23          If Defendant is not a citizen of the United States, Defendant understands the
24  following:

25              a.    pleading guilty in this case may have immigration
26                    consequences;

27
28

b.    a broad range of federal crimes may result in Defendant's
removal from the United States, including the offense to which
Defendant is pleading guilty;

c.    removal from the United States and other immigration
consequences are the subject of separate proceedings; and

d.    no one, including Defendant's attorney or the Court, can predict
with absolute certainty the effect of a federal conviction on
Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

6.    Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

a.    the right to a jury trial;

b.    the right to see, hear and question the witnesses;

c.    the right to remain silent at trial;

d.    the right to testify at trial; and

e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

PLEA AGREEMENT Osborn, Christopher- 6

7. <u>Elements of the Offense</u>

The United States and Defendant agree that in order to convict Defendant of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), the United States would have to prove the following beyond a reasonable doubt.

a. *First*, between on or about April 14, 2021, within the Eastern District of Washington, Defendant knowingly distributed a visual depiction of sexually explicit conduct;

b. *Second*, the production of the visual depiction involved the use of a minor; a computer image that was that of a minor, or indistinguishable from that of a minor, or a computer image that was created, adapted or modified to appear that of an identifiable minor;

c. *Third*, the image was shipped, transported, or mailed in interstate and foreign commerce by any means including a computer; and

d. *Fourth*, defendant knew that the image contained child pornography as defined in element 2.

8. <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On or about April 14, 2021, Defendant, Christopher Lee Osborn, distributed images of child pornography over the internet. Homeland Security Investigations

PLEA AGREEMENT Osborn, Christopher- 7

1  ("HSI") agents in Detroit, Michigan, operating in an undercover capacity,
2  participated in a chat group on the mobile messaging application KIK. An agent
3  posing as a member of the group received images of child pornography sent by
4  Defendant on April 14, 2021. The following is the description of three of the
5  images: 1) A naked female, 12-20 years old, cradling a 6-12 month old naked
6  female child, the child's vaginal area is facing up towards the camera, the female is
7  using her right arm to support the child up and spread the child's left leg out, the
8  12-20 year old has her tongue pointed out, approaching the vagina of the child;  2)
9  A 3-6 month old child with an exposed chest and stomach area, wearing an open
10 yellow shirt, an adult naked male is sitting in front of the child, straddling in front
11 of the child, the male's erect penis is on the stomach and chest of the child, the
12 child's left hand is holding on to the erect penis, the head of the penis is on the
13 mouth of the child, pushing up the child's upper lip; 3) A video of a naked 2-5 year
14 old female, sitting with her legs spread open towards the camera, a naked adult
15 male is sitting in front of the child with his legs spread open with an erect penis,
16 the male is holding his erect penis and slapping the vagina of the child with the
17 head of his penis. The video is 10 seconds in length. Defendant, using the name
18 "demonloverofman" on the KIK application, claimed to be sexually abusing his
19 daughters, who he named as "Dawn and McKenzie".  On April 16, 2021, HSI
20 agents executed a search warrant of 903 N. 29th Avenue, Yakima, Washington.
21 Arthur Osborn, Christopher Osborn, and Christopher's significant other, Dawn
22 Snyder were present. Dawn Snyder provided the passcodes for three cell phones
23 seized pursuant to the warrant and stated that she and Defendant did not use the
24 KIK app. Review of the electronic devices recovered in the search warrant resulted
25 in HSI agents locating 48 images or videos of child pornography, including the
26 images and video sent by "demonloverofman" to the HSI agent in Detroit. In
27 addition, a different video sent to the HSI agent in Detroit via KIK by
28 "demonloverofman" showed a man masturbating. On that man's lower arm, a

PLEA AGREEMENT Osborn, Christopher- 8

1 | tattoo of the name "Dawn" is visible in the video. Dawn Snyder verified that she
2 | and Defendant had each other's first name tattooed on their lower arms.

3 |   9.  Admissibility of Facts and Prior Statements

4 |    By signing this Plea Agreement, Defendant admits the truth of the facts set
5 | forth in the Factual Basis section of this Plea Agreement and agrees that these
6 | facts, along with any written or oral statements Defendant makes in court, shall be
7 | deemed usable and admissible against Defendant in any subsequent legal
8 | proceeding, including criminal trials and/or sentencing hearings, under Federal
9 | Rule of Evidence 801(d)(2)(A).

10 |   Defendant acknowledges, admits, and agrees that by signing this Plea
11 | Agreement, Defendant is expressly modifying and waiving Defendant's rights
12 | under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410
13 | with regard to any facts Defendant admits and/or any statements Defendant makes
14 | in court.

15 |   10.  The United States' Agreements

16 |    The United States Attorney's Office for the Eastern District of Washington
17 | agrees not to bring additional charges against Defendant based on information in
18 | its possession at the time of this Plea Agreement that arise from conduct that is
19 | either charged in the Indictment or identified in discovery produced in this case,
20 | unless Defendant breaches this Plea Agreement before sentencing.

21 |    The Yakima County Prosecutor's Office agrees that it will offer that the
22 | Defendant plead guilty to four counts of First Degree Possession of Depictions of
23 | Minor Engaged in Sexually Explicit Conduct (2 counts on each case) with an
24 | agreed recommendation of 96 months (offense level 6, offender score 9+,
25 | sentencing range 77-102 months) which would be followed by 36 months of
26 | community custody with sex offender treatment, sex offender registration, and
27 | conditions recommended by the Washington State Department of Corrections in
28 | their Pre-Sentence Investigation, and further agree to have the sentences imposed

PLEA AGREEMENT Osborn, Christopher- 9

1   in Cause 21-1-01864-39 and Cause 20-1-01473-29 filed in the Superior Court of

2   Washington for Yakima County run concurrently with each other, and with the

3   sentence in this case, following Defendant's guilty pleas to those charges and upon

4   sentencing for those charges, unless Defendant breaches this Plea Agreement

5   before sentencing, fails to plead guilty in those matters or either party is allowed to

6   withdraw from this plea.

7       11.    <u>United States Sentencing Guidelines Calculations</u>

8          Defendant understands and acknowledges that the United States Sentencing

9   Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine

10  Defendant's advisory range at the time of sentencing, pursuant to the Guidelines.

11  The United States and Defendant agree to the following Guidelines calculations.

12        a.    <u>Base Offense Level</u>

13         The United States and the Defendant agree that the base offense level for

14  Distribution of Child Pornography is 22.  U.S.S.G. § 2G2.2(a)(2).

15        b.    <u>Special Offense Characteristics</u>

16         The United States and Defendant have no agreements regarding Special

17  Offense Characteristics.

18        c.    <u>Acceptance of Responsibility</u>

19         The United States will recommend that Defendant receive a downward

20  adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if

21  Defendant does the following:

22          i.    accepts this Plea Agreement;

23          ii.    enters a guilty plea at the first Court hearing that takes

24              place after the United States offers this Plea Agreement;

25          iii.    demonstrates recognition and affirmative acceptance of

26              Defendant's personal responsibility for Defendant's

27              criminal conduct;

28

PLEA AGREEMENT Osborn, Christopher- 10

1               iv.     provides complete and accurate information during the

2                       sentencing process; and

3               v.     does not commit any obstructive conduct.

4      The United States and Defendant agree that at its option and on written

5 notice to Defendant, the United States may elect not to recommend a reduction for

6 acceptance of responsibility if, prior to the imposition of sentence, Defendant is

7 charged with, or convicted of, any criminal offense (except the charges pending in

8 Yakima County Superior Court referenced in this Agreement), or if Defendant

9 tests positive for any controlled substance.

10         d.   <u>No Other Agreements</u>

11      The United States and Defendant have no other agreements regarding the

12 Guidelines or the application of any Guidelines enhancements, departures, or

13 variances.  Defendant understands and acknowledges that the United States is free

14 to make any sentencing arguments it sees fit, including arguments arising from

15 Defendant's uncharged conduct, conduct set forth in charges that will be dismissed

16 pursuant to this Agreement, and Defendant's relevant conduct.

17         e.   <u>Criminal History</u>

18      The United States and Defendant have no agreement and make no

19 representations about Defendant's criminal history category, which will be

20 determined by the Court after the United States Probation Office prepares and

21 discloses a Presentence Investigative Report.

22      12.   <u>Incarceration</u>

23      The United States and Defendant agree to recommend that the Court impose

24 a sentence of between 60 months and 96 months of incarceration.

25      13.   <u>Supervised Release</u>

26      The United States and Defendant have no agreement regarding the term of

27 supervised release to be imposed by the Court, apart from recognizing the statutory

28 minimum term is 60 months.  Defendant agrees that the Court's decision regarding

PLEA AGREEMENT Osborn, Christopher- 11

1 the conditions of Defendant's Supervised Release is final and non-appealable; that

2 is, even if Defendant is unhappy with the conditions of Supervised Release ordered

3 by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty

4 plea, withdraw from this Plea Agreement, or appeal Defendant's conviction,

5 sentence, or any term of Supervised Release.

6      The United States and Defendant agree to recommend that in addition to the

7 standard conditions of supervised release imposed in all cases in this District, the

8 Court should also impose the following conditions:

9           a.    The United States Probation Officer may conduct, upon

10               reasonable suspicion, and with or without notice, a search of

11               Defendant's person, residences, offices, vehicles, belongings,

12               and areas under Defendant's exclusive or joint control.

13           b.    Defendant shall participate and complete such drug testing and

14               drug treatment programs as the Probation Officer directs.

15           c.    Defendant shall complete mental health evaluations and

16               treatment, including taking medications prescribed by the

17               treatment provider. Defendant shall allow reciprocal release of

18               information between the Probation Officer and the treatment

19               provider. Defendant shall contribute to the cost of treatment

20               according to the Defendant's ability.

21           d.    Defendant shall report to the Probation Office any and all

22               electronic communications service accounts, as defined in 18

23               U.S.C. § 2510(15) used for user communications, dissemination

24               and/or storage of digital media files (i.e. audio, video, images).

25               This includes, but is not limited to, email accounts, social media

26               accounts, and cloud storage accounts. Defendant shall provide

27               each account identifier and password, and shall report the

28               creation of new accounts, changes in identifiers and/or

PLEA AGREEMENT Osborn, Christopher- 12

1            passwords, transfer, suspension and/or deletion of any account

2            within 5 days of such action.  Failure to provide accurate

3            account information may be grounds for revocation.  The

4            Probation Office is permitted to access and search any accounts

5            using Defendant's credentials pursuant to this condition only

6            when reasonable suspicion exists that Defendant has violated a

7            condition of his supervision and that the accounts to be

8            searched contain evidence of this violation.

9      14.  Criminal Fine

10  The United States and Defendant recommend that the Court not impose a

11  criminal fine.  Defendant acknowledges that the Court's decision regarding a fine

12  is final and non-appealable; that is, even if Defendant is unhappy with a fine

13  ordered by the Court, that will not be a basis for Defendant to withdraw

14  Defendant's guilty plea, withdraw from this Plea Agreement, or appeal

15  Defendant's conviction, sentence, or fine.

16      15.  Judicial Forfeiture

17  Defendant, Christopher Lee Osborn, agrees to voluntarily forfeit and

18  relinquish all right, title and interest in all assets listed herein to the United States,

19  and hereby agrees to execute any and all forms and pleadings necessary to

20  effectuate such forfeiture of assets, including, but not limited to the following:

21      - - LG Cell Phone LM K300TM Risio Teal.

22  Defendant stipulates that he is the sole owner of the assets identified in this

23  Plea Agreement and that no one else has an interest in the assets.

24  Defendant acknowledges that the assets listed above, which Defendant is

25  agreeing to forfeit, are subject to forfeiture as property used or intended to be used

26  in any manner or part to commit or to facilitate the commission of the offense to

27  which Defendant is pleading guilty.  The Defendant agrees to take all steps as

28

PLEA AGREEMENT Osborn, Christopher- 13

1  requested by the United States to pass clear title to the assets to the United States,
2  and to testify truthfully in any forfeiture proceeding.

3      Defendant agrees to hold all law enforcement agents/officers, and the United
4  States, its agents, and its employees harmless from any claims whatsoever arising
5  in connection with the seizure and forfeiture of any asset covered by this
6  agreement.

7      Defendant waives further notice of any federal, state, or local proceedings
8  involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in
9  this Plea Agreement.

10     Defendant further agrees to waive all constitutional, equitable and statutory
11 challenges in any manner (including direct appeal, habeas corpus, or any other
12 means) to any forfeiture carried out in accordance with this Plea Agreement on any
13 grounds, including that the forfeiture constitutes an excessive fine or punishment.
14 Defendant knowingly and voluntarily waives his right to a jury trial on the
15 forfeiture of the asset(s).  Defendant waives oral pronouncement of forfeiture at the
16 time of sentencing, and any defects that may pertain to the forfeiture.

17     16.    Mandatory Special Penalty Assessment

18     Defendant agrees to pay the $100 mandatory special penalty
19 assessment to the Clerk of Court for the Eastern District of Washington, pursuant
20 to 18 U.S.C. § 3013. Defendant agrees that, pursuant to the JVTA, the Court shall
21 impose an additional mandatory special assessment of $5,000, absent a judicial
22 finding of indigence.

23     Defendant agrees that, pursuant to the AVAA, the Court shall also impose,
24 in addition to any other criminal penalty, restitution, or special assessment
25 authorized by law, an additional assessment of up to $35,000, as set forth in 18
26 U.S.C. § 2259A.  Defendant also understands and agrees that pursuant to 18 U.S.C.
27 § 2259A(c), in determining the amount of the AVAA assessment, the Court shall
28 consider the factors set forth in 18 U.S.C. §§ 3553(a), 3572.

PLEA AGREEMENT Osborn, Christopher- 14

1    Neither party may withdraw from the Plea Agreement based on the ultimate
2    special penalty assessment(s) imposed.

3

4    17.    Restitution

5    The United States and Defendant agree that restitution is required. 18
6    U.S.C. §§ 2259, 3663, 3663A, 3664. Defendant acknowledges that restitution is
7    mandatory, without regard to Defendant's economic situation, to identifiable
8    victims who suffer ongoing injury by virtue of child pornography images
9    depicting them circulating on the Internet indefinitely, in amounts that comport
10   with Defendant's relative role in the causal process that underlies the general
11   losses of the victims. *Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C.
12   § 2259.

13   Pursuant to 18 U.S.C. § 3663(a)(3), in exchange for the United States
14   dismissing counts and/or agreeing not to bring additional charges, Defendant
15   voluntarily agrees to pay restitution to all victims of child pornography that
16   Defendant distributed, received, and/or possessed, as set forth in the discovery in
17   this case, whether or not Defendant pleads guilty to counts charging that specific
18   conduct, and whether or not such counts are foregone pursuant to this Plea
19   Agreement.

20   Defendant understands that for purposes of 18 U.S.C. § 2259, "victim"
21   means the individual harmed as a result of a commission of the crime, including,
22   in the case of a victim who is under 18 years of age, the legal guardian of the
23   victim. The United States and Defendant also hereby stipulate and agree that the
24   Court shall order full restitution, as appropriate, to any entity, organization,
25   insurance company, individual, and/or medical provider who provided medical
26   services and/or funds related to the treatment of any victim.

27   For any victim against whom Defendant's conduct occurred on or after
28   December 7, 2018, Defendant agrees that such victims shall be entitled to

PLEA AGREEMENT Osborn, Christopher- 15

1  restitution as if the AVAA applied to Defendant's conduct and agrees that the
2  Court should order restitution in an amount that reflects Defendant's relative
3  role in the causal process that underlies the victim's losses, but which is no less
4  than $3,000 per victim.

5          With respect to restitution, the United States and Defendant agree to the
6  following:

7                  a.      Restitution Amount and Interest

8          Pursuant to 18 U.S.C. § 2259, the Court shall order restitution for the full
9  amount of any victims' losses. The United States and Defendant will submit
10  restitution information prior to sentencing. The interest on this restitution amount
11  should be waived. Defendant acknowledges that Defendant may not withdraw
12  from the Plea Agreement based on the amount of restitution that the Court orders.

13                  b.      Payments

14          The United States and Defendant agree that if the Court imposes restitution,
15  the Court will set a restitution payment schedule based on Defendant's financial
16  circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less
17  than 10% of Defendant's net monthly income towards any restitution obligation.

18                  c.      Treasury Offset Program and Collection

19          Defendant understands that the Treasury Offset Program ("TOP") collects
20  delinquent debts owed to federal agencies. Defendant acknowledges that, if
21  applicable, the TOP may take part or all of Defendant's federal tax refund, federal
22  retirement benefits, or other federal benefits and apply these monies to Defendant's
23  restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C.
24  § 3716.

25          Defendant also understands the United States may, notwithstanding the
26  Court-imposed payment schedule, pursue other avenues to ensure a restitution
27  obligation is satisfied, including, but not limited to, garnishment of available funds,
28  wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

PLEA AGREEMENT Osborn, Christopher- 16

1    Nothing in this acknowledgment shall be construed to limit Defendant's
2    ability to assert any specifically identified exemptions as provided by law, except
3    as set forth in this Plea Agreement.

4        d.    Notifications

5    Defendant agrees to notify the Court and the United States of any material
6    change in Defendant's economic circumstances (e.g., inheritances, monetary gifts,
7    changed employment, or income increases) that might affect Defendant's ability to
8    pay restitution. 18 U.S.C. § 3664(k). This obligation ceases when the restitution is
9    paid-in-full.

10    Defendant agrees to notify the United States of any address change within
11    30 days of the change. 18 U.S.C. § 3612(b)(F). This obligation ceases when the
12    restitution is paid-in-full.

13    Defendant acknowledges that the Court's decision regarding restitution is
14    final and non-appealable; that is, even if Defendant is unhappy with the amount of
15    restitution ordered by the Court, that will not be a basis for Defendant to withdraw
16    Defendant's guilty plea, withdraw from this Plea Agreement, or appeal
17    Defendant's conviction, sentence, or restitution order.

18        18.    Payments While Incarcerated

19    If Defendant lacks the financial resources to pay the monetary obligations
20    imposed by the Court, Defendant agrees to earn money toward these obligations by
21    participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

22        19.    Sex Offender Registration

23    Defendant understands that by pleading guilty, Defendant will be required to
24    register as a sex offender upon release from prison as a condition of supervised
25    release, pursuant to 18 U.S.C. § 3583(d).

26    Defendant also understands that independent of Defendant's term of
27    supervised release, Defendant will be subject to federal and state sex offender

28

PLEA AGREEMENT Osborn, Christopher- 17

1  registration requirements, and that those requirements may apply throughout
2  Defendant's lifetime.

3      Defendant agrees that during the duration of Defendant's registration
4  requirement, Defendant will keep Defendant's registration current with the state
5  sex offender registration agency or agencies of any state in which Defendant lives
6  or resides for more than 72 hours.

7      Defendant agrees that during the duration of Defendant's registration
8  requirement, Defendant will notify and verify with the state sex offender
9  registration agency or agencies of any state in which Defendant lives or resides for
10  more than 72 hours, of changes to Defendant's name, place of residence, place of
11  employment, education, or religious worship, and any other information required
12  by such agency or agencies.

13      Defendant understands that Defendant will be subject to possible federal and
14  state penalties for failure to comply with any such requirements.  Defendant
15  understands that under 18 U.S.C. § 4042(c), notice will be provided to certain law
16  enforcement agencies upon Defendant's release from confinement.

17      As a condition of Supervised Release, Defendant shall initially register with
18  the state sex offender registration of the state of Defendant's release, and shall also
19  register with the state sex offender agency in any state where defendant resides, is
20  employed, works, or is a student, as directed by the Probation Officer.

21      Defendant shall provide proof of registration to the Probation Officer within
22  72 hours of release.

23      20.    Additional Violations of Law Can Void Plea Agreement
24      The United States and Defendant agree that the United States may, at its
25  option and upon written notice to the Defendant, withdraw from this Plea
26  Agreement or modify its sentencing recommendation if, prior to the imposition of
27  sentence, Defendant is charged with or convicted of any criminal offense or tests
28  positive for any controlled substance.

PLEA AGREEMENT Osborn, Christopher- 18

1   21.   <u>Waiver of Appeal Rights</u>

2   In return for the concessions that the United States has made in this Plea

3   Agreement, Defendant agrees to waive Defendant's right to appeal Defendant's

4   conviction and sentence if the Court imposes a term of imprisonment consistent

5   with the terms of this Rule 11(c)(1)(C) Plea Agreement.

6   If the Court indicates its intent to impose a sentence above the Rule

7   11(c)(1)(C) terms of this Agreement and Defendant chooses not to withdraw, then

8   Defendant: (a) may appeal only Defendant's sentence, but not Defendant's

9   conviction; (b) may appeal Defendant's sentence only if it exceeds the high end of

10   the Guidelines range determined by the Court; and (c) may appeal only the

11   substantive reasonableness of Defendant's sentence.  Defendant expressly waives

12   Defendant's right to appeal any fine, term of supervised release, or restitution order

13   imposed by the Court.

14   Defendant expressly waives the right to file any post-conviction motion

15   attacking Defendant's conviction and sentence, including a motion pursuant to 28

16   U.S.C. § 2255, except one based on ineffective assistance of counsel arising from

17   information not now known by Defendant and which, in the exercise of due

18   diligence, Defendant could not know by the time the Court imposes sentence.

19   Nothing in this Plea Agreement shall preclude the United States from

20   opposing any post-conviction motion for a reduction of sentence or other attack

21   upon the conviction or sentence, including, but not limited to, writ of habeas

22   corpus proceedings brought pursuant to 28 U.S.C. § 2255.

23   22.   <u>Withdrawal or Vacatur of Defendant's Plea</u>

24   Should Defendant successfully move to withdraw from this Plea Agreement

25   or should Defendant's conviction be set aside, vacated, reversed, or dismissed

26   under any circumstance, then:

27   a.   this Plea Agreement shall become null and void;

28

PLEA AGREEMENT Osborn, Christopher- 19

b.    the United States may prosecute Defendant on all available charges;

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

23.    <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

PLEA AGREEMENT Osborn, Christopher- 20

1  signed by the United States, the Yakima County Prosecuting Attorney's Office and

2  Defendant.

3                          Approvals and Signatures

4          Agreed and submitted on behalf of the United States Attorney's Office for

5  the Eastern District of Washington.

6  Vanessa R. Waldref
   United States Attorney
7

8  _____              11/14/23

9                                          _____
   Michael D. Murphy                       Date
10  Assistant United States Attorney

11

12         Agreed and submitted on behalf of the Yakima County Prosecutors Office.

13

14  Joseph A. Brusic
   Yakima County Prosecuting Attorney
15

16  _____              10/23/23
                                           _____
17  Julia Davis                            Date
   Yakima County Deputy Prosecutor
18

19

20

21          I have read this Plea Agreement and I have carefully reviewed and discussed

22  every part of this Plea Agreement with my attorney. I understand the terms of this

23  Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and

24  voluntarily. I have consulted with my attorney about my rights, I understand those

25  rights, and I am satisfied with the representation of my attorney in this case. No

26  other promises or inducements have been made to me, other than those contained

27

28  PLEA AGREEMENT - 23-21

in this Plea Agreement.  No one has threatened or forced me in any way to enter into this Plea Agreement.  I agree to plead guilty because I am guilty.


_Chris Osborn_____          _11/14/23_____

Christopher Lee Osborn                            Date
Defendant


      I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept Defendant's guilty plea.


_____          _11/14/23_____

Paul E. Shelton                                       Date
Nick Mirr
Attorneys for Defendant

PLEA AGREEMENT Osborn, Christopher- 22