Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: 1:22-CR-2096-MKD |
| Plaintiff, | |
| vs. | PLAINTIFF'S SENTENCING MEMORANDUM |
| CHRISTOPHER LEE OSBORN, | |
| Defendant. | |

The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney, submits the following Sentencing Memorandum.

I.   Base Offense Level and Enhancements

On November 14, 2023, Defendant entered a guilty plea to the sole count of the Indictment (ECF 1), charging him with Distribution of Child Pornography in

GOV'T SENT. MEMO.        1

violation of 18 U.S.C. § 2252A(a)(2), (b)(1).  ECF 83. By that instrument, the United States agrees to not bring additional charges based upon information in its possession at the time of sentencing which arises from conduct charged in the Indictment or identified in discovery and the Yakima County Prosecutor's office agrees to a plea agreement and sentencing recommendations in two criminal cases filed in the Superior Court of Washington for Yakima County. *Id.* at pp. 9-10.

The draft PSIR provides for a total offense level of 34, a criminal history category of I, and a guideline imprisonment range of 151-181 months. ECF 88, ¶ 137. The United States agrees with the guideline calculations in the draft PSIR. Further, the United States does not have any objections to the draft PSIR.

II.     Departures

The Guidelines are the starting point and the initial benchmark for the sentencing process.  *Kimbrough v. United States*, 128 S. Ct. 558 (2007).  The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable.  *Gall v. United States*, 128 S. Ct. 586, 597 (2007).  The United States does not seek any departures in this matter. However, consistent with the plea agreement, the United States recommends that the Court impose a variance to a below-guideline sentence of ninety-six (96) months imprisonment. The United States recommends that imprisonment be followed by no less than five, and preferably ten, years of supervised release. Further, the United States does not request imposition of a criminal fine, but contends that imposition of the $5,000 JVTA Special Penalty

Assessment is appropriate. The United States has received restitution requests for the victims of two known series of child pornography images, one of which seeks $5,000 in restitution and the other of which seeks not less than $3,000 in restitution.

III.     Sentencing Factors Under 18 U.S.C. §3553(a)

1. The nature and circumstances of the offense and the history and characteristics of Defendant.

In the instant case, the Defendant, who is currently 32 years old, has a limited employment history and limited criminal history, distributed videos and images of pre-pubescent children being sexually assaulted utilizing the KIK application. ECF 88, ¶¶ 21-28, ECF 88, p. 7-8. Defendant also possessed or distributed child pornography on devices other than those containing the images leading to his federal charges and is accepting responsibility for the acquisition and possession of those images through his guilty pleas in Cause 21-1-01864-39 and Cause 20-1-01473-29 filed in the Superior Court of Washington for Yakima County.

Defendant indicates that he was sexually abused as a child. ECF 88, ¶ 93. The United States submits that this should not be considered as a mitigating circumstance. "The victim-offender cycle in male sexual abuse has been popularized as an explanation of why some males sexually offend. However, there are serious limitations to this explanation . . . . " Lambie, Ian et al., "Resiliency in the victim-offender cycle in male sexual abuse" in *Sex Abuse: A Journal of Research and Treatment* 14(1) (2002) at 43; *See also*, Glasser, M. et al., "Cycle of child sexual

abuse: links between being a victim and becoming a perpetrator" in *The British Journal of Psychiatry* 179 (2001) at 488 (noting that "the data do not provide strong support for a cycle of sexual substantial proportion of male perpetrators"); and Briggs, F. and R. Hawkins, "A Comparison of the Childhood Experiences of Convicted Male Child Molesters and Men who were Sexually Abused in Childhood and Claimed to be Nonoffenders" in *Child Abuse & Neglect* 20(3) (1996) at 230 (concluding that "[S]exual abuse at particular ages and frequency of abuse do not of themselves necessarily lead to an increased likelihood of perpetuating abuse across generations."). In addition, "those who have experienced some type of sexual victimization report more empathy than those without such experience." Osman SL, (2011), "Predicting rape empathy based on victim, perpetrator, and participant gender, and history of sexual aggression" *Sex Roles* 64, 506–515.  Logically, one who has undergone a traumatic experience such a childhood sexual abuse would be more empathetic towards other victims or potential victims and less likely to inflict such an experience, even vicariously, on others.

     Defendant actively sought out individuals on KIK with whom to share child pornography and portrayed himself as both a man who had access to and was actively abusing children. ECF 88, ¶¶ 21-23, 37, 38, 40. Many of the images Defendant transmitted were particularly disturbing, involving the rape of infants or toddlers. Defendant has accepted responsibility and expresses remorse for his actions. ECF 88, ¶ 50.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

Victims who have had pornographic images of their sexual abuse made accessible through the internet live with the knowledge that individuals such as Defendant seek out, access, and enjoy the depictions of their abuse and will continue to do so as long as there is a demand for such images and for as long individuals, like Defendant, are willing to obtain, preserve, and pass on those images and videos. A sentence of ninety-six months incarceration is necessary to reflect the seriousness of this offense.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

A sentence of ninety-six months incarceration should be adequate to deter further criminal conduct by the Defendant, given his lack of any prior criminal history.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

A sentence of ninety-six months incarceration should serve to protect the public from further crimes by the Defendant. Further, the United States recommends a period of at least ten years of supervised release as part of his sentence. See ECF 83, p. 11-12, ¶ 13 (parties have no agreement regarding the period of supervised release to be imposed by the Court). Defendant is, at age thirty-two, younger than many offenders. "Supervised release fulfills rehabilitative ends, distinct from those served by

incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). In other words, supervised release is not a punishment in lieu of incarceration. *See United States v. Granderson*, 511 U.S. 39, 50 (1994). Sex offenders generally have an increased danger of recidivism. *United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007). ("[T]he particularly high danger of recidivism of sex offenders is well-known"). A ten year period of supervised release will not only provide support to Defendant in terms of vocational efforts, mental health counseling, and other rehabilitation, but will provide an increased level of supervision which may prevent re-offending.

> 5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Defendant has indicated interest in further education. ECF 88, ¶ 105. A sentence of ninety-six months incarceration should provide the opportunity for any correctional treatment. Further, the United States does not recommend the imposition of a criminal fine. Defendant is subject to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 and shall be assessed a penalty of not more the $35,000 pursuant to that provision. *Id.* at 120. Rather than a fine, the United States requests that the Court impose a $5,000 assessment pursuant to the Justice for Victims of Trafficking Act. ECF 88, ¶ 125.

Further, restitution in this matter is mandatory, and must be no less than $3,000. *Id.* at ¶ 126, 18 U.S.C. § 2259(b)(2). Defendant possessed and/or distributed one file from each of two series of images. Representatives of the "Sweet White Sugar" series

request $5,000 in restitution and representatives of the "Mother Full 20121" series request not less than $3,000 in restitution. In this case, Defendant possessed over 100 images and videos of minors engaged in sexually explicit conduct. ECF 88, ¶ 35.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully requests that the Court sentence Defendant to ninety-six months of incarceration followed by at least ten years of supervised release. The sentencing range recommended in the plea agreement reflects the seriousness of Defendant's conduct while taking into account his age and limited criminal history. Given the consequences of this offense for the victims of child pornography, the United States recommends that the Court also impose no criminal fine, a $5,000 penalty assessment pursuant to the Justice for Victims of Trafficking Act, $3,000 in restitution to each of the victims of known series of images, and the mandatory $100 special penalty assessment.

DATED this 22nd day of January, 2024.

VANESSA R. WALDREF
United States Attorney

s/Michael D. Murphy
MICHAEL D. MURPHY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and a copy was emailed to the counsel of record in this case.

s/ Michael D. Murphy
Michael D. Murphy
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425
Fax:  (509) 249-3297