# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>-vs-<br><br>CHRISTOPHER LEE OSBORN, | Plaintiff,<br><br><br>Defendant. | **Case No.   1:22-CR-02096-MKD**<br>**CRIMINAL MINUTES**<br><br>**DATE:   FEBRUARY 6, 2024**<br>**LOCATION:  YAKIMA**<br><br>**SENTENCING HEARING** |

| Honorable Mary K. Dimke | | |
|---|---|---|
| Cora Vargas<br>**Courtroom Deputy** | 02<br>**Law Clerk** | Marilynn McMartin<br>**Court Reporter** |
| Michael Murphy<br>**Government Counsel** | | Paul Shelton<br>**Defense Counsel** |
| **United States Probation Officer:** Carrie Valencia | | |

**[ X ]  Open Court**          **[   ]  Chambers**          **[   ]  Video Conference**

Defendant present in custody of the US Marshal.

The Court confirmed the parties are ready to proceed to sentencing.

Mr. Shelton confirmed he has reviewed and discussed the Presentence Investigation Report with the defendant, including the proposed conditions of supervision, and the defendant does not have any objections.

The Court provided findings on the sentencing guideline calculations in the Presentence Investigation Report; no objection by counsel; Presentence Investigation Report accepted by the Court.

Mr. Murphy argued in support of imposition of the JVTA Assessment
- Mr. Shelton argued in opposition

**Court**: based on findings that the defendant is indigent, the Court declines to impose the JVTA Assessment; restitution in the amount of $6,000 total will be imposed.

The Court advised the parties of its intent to modify proposed Special Condition No. 1 to include defendant's own children.
- Mr. Murphy concurred with the proposed change.
- Mr. Shelton indicated he does not object to the change by simply removing the word "not" from the lines "not including your own children" within the condition.

**Court**: Proposed Special Condition No. 1 will be modified as follows:

o   You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report

# [ X ]  ORDER FORTHCOMING

| CONVENED:   1:37 P.M. | ADJOURNED:   2:29 P.M. | TIME:   0:52 HR. | CALENDARED   [   ] |
|---|---|---|---|

*USA -vs- OSBORN*
1:22-CR-02096-MKD
Sentencing Hearing

February 6, 2024
Page 2

> this contact to the probation officer within 24 hours. Direct contact includes written communication, inperson communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

Defendant's father addressed the Court on behalf of the defendant.

The Court requested argument by counsel as to why the Court should accept the parties Rule 11(c)(1)(c) agreement for a sentence substantially lower than the guideline range.
- Argument by Mr. Murphy.
- Argument by Mr. Shelton.
- Additional argument by Mr. Murphy and Mr. Shelton

Mr. Shelton provided sentencing recommendations and comments on behalf of the defendant.

The defendant addressed the Court on his own behalf.

The Court accepted the Rule 11(c)1(c) Plea Agreement entered into between the parties at the change of plea hearing.

The Court addressed the defendant and imposed sentence:

- **Imprisonment: 96 months**, concurrent with the sentences imposed in defendant's state matters. The Court recommends placement at FCI Englewood, Colorado.

- **Supervised Release:  15 years** on mandatory, standard and special conditions listed in the Presentence Investigation Report, with the modification of Special Condition No. 1 as listed above. Mr. Shelton confirmed he has reviewed all the conditions with the defendant and waived reading of those conditions.

- **Fine**:  waived

- **Special Penalty Assessment**:  $100

- **Restitution**: $6,000 total ($3,000 to each victim)

- **JVTA Assessment**: waived

Appeal rights given to the extent any exist.

Mr. Shelton indicated the defendant does not object to entry of the proposed Final Order of Forfeiture submitted by the United States.

Defendant remanded to the custody of the US Marshal.